IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMS FINANCIAL RECOVERY SERVICES, LLC, Assignee of American Chartered Bank | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| KAREN CANZONERI, MICHAEL J. BUSS, and JAMI E. BUSS, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The Plaintiff, SMS Financial Recovery Services, LLC, as assignee of Fifth Third Bank, National Association, the successor by merger with American Chartered Bank, hereby complains against the Defendants Karen Canzoneri, Michael J. Buss, and Jami E. Buss as follows:

### Nature of the Action

1. The Plaintiff, SMS Financial Recovery Services, LLC brings this action for breach of a Promissory Note originally executed by Karen Canzoneri and subsequently modified to add as co-borrowers the Defendants Michael J. Buss and Jami E. Buss. For relief, SMS Financial seeks damages in the principal amount of $322,101.41, plus accrued interest, attorneys' fees and costs.

### Jurisdiction and Venue

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between the parties who are citizens of different states as follow:

    a. The Plaintiff SMS Financial Recovery Services, LLC and its respective members are citizens of Arizona. See Exhibit A, hereto; and

    b. Each of the named defendants are citizens of Illinois.

### Venue

3. Pursuant 28 U.S.C. § 1391, venue is proper in this Court because 1) the Defendants agreed to venue in Cook County, Illinois in the Original Promissory Note and subsequent Change in Terms Agreements which are the subject of this action; 2) the Defendants reside in the Northern District of Illinois; and 3) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### The Parties

4. The Plaintiff, SMS Financial Recovery Services, LLC ("SMS Financial") is the assignee of Fifth Third Bank, National Association, the successor by merger to American Chartered Bank, the original lender.

5. The Defendant Karen Canzoneri ("Canzoneri") is an individual residing in Northbrook, Illinois.

6. Defendant Michael J. Buss ("M. Buss") is an individual residing in Highland Park, Illinois.

7. The Defendant Jami E. Buss ("J. Buss") is an individual residing in Highland Park, Illinois.

### The Original Promissory Note

8. On or around December 29, 2005, Canzoneri entered into a Promissory Note with American Charter Bank in the principal amount of $675,000.00.("Original Promissory Note")

9. The Original Promissory Note had a maturity date of December 1, 2006 at which time all outstanding amounts owed, including interest, became due and payable. A true and correct copy of the Original Promissory Note is attached hereto as Exhibit B.

10. The Original Promissory Note provided for an initial interest rate of 8.250% per

annum based on 1% point over the prime rate published in the Wall Street Journal (Index), which was 7.250% at the time the Original Promisory Note was executed. [Exhibit B, p. 1, Variable Interest Rate]

11. In the event of default, the Original Promissory Note provided that the interest rate would increase 6 percentage points over the Index rate.[Exhibit B, p. 1 Interest After Default]

### Change in Terms Agreements

12. On December 1, 2006, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri which modified the terms of the Original Promissory Note. Among other things, it extended the Maturity Date to December 1, 2007. A true and correct copy of the December 1, 2006 Change in Terms Agreement is attached as Exhibit C

13. On December 1, 2007, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $578,303.22 and extended the Maturity Date to December 1, 2008. A true and correct copy of the December 1, 2007 Change in Terms Agreement is attached as Exhibit D.

14. On December 1, 2008, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $575,116.39 and extended the Maturity Date to December 1, 2009. A true and correct copy of the December 1, 2008 Change in Terms Agreement is attached as Exhibit E.

15. On December 1, 2009, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri which modified the terms of the Original Promissory Note. Among other things, it extended the Maturity Date to February 1, 2010. A true and correct copy of the

December 1, 2009 Change in Terms Agreement is attached as Exhibit F.

16. On February 1, 2010, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $574,032.52 and extended the Maturity Date to February 1, 2011. A true and correct copy of the February 1, 2010 Change in Terms Agreement is attached as Exhibit G.

17. On February 1, 2011, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it added M. Buss and J. Buss as co-borrowers to the Original Promissory Note, changed the principal balance owed to $574,032.52, and extended the Maturity Date to February 1, 2012. A true and correct copy of the February 1, 2011 Change in Terms Agreement is attached as Exhibit H.

18. On February 1, 2012, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $502,532.52 and extended the Maturity Date to April 1, 2012. A true and correct copy of the February 1, 2012 Change in Terms Agreement is attached as Exhibit I.

19. On April 1, 2012, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $498,532.52 and extended the Maturity Date to June 1, 2012. A true and correct copy of the April 1, 2012 Change in Terms Agreement is attached as Exhibit J.

20. On June 1, 2012, American Chartered Bank entered into a Change In Terms

Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $490,532.52 and extended the Maturity Date to June 1, 2013. A true and correct copy of the June 1, 2012 Change in Terms Agreement is attached as Exhibit K.

21. On June 1, 2013, American Chartered Bank entered into a Change In Terms Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $436,252.61 and extended the Maturity Date to July 17, 2013. A true and correct copy of the June 1, 2013 Change in Terms Agreement is attached as Exhibit L.

22. On July 17, 2013, American Chartered Bank entered into a final Change In Terms Agreement with Canzoneri, M. Buss and J. Buss which modified the terms of the Original Promissory Note. Among other things, it changed the principal balance owed to $427,040.61 and extended the Maturity Date to January 17, 2014. A true and correct copy of the July 17, 2013 Change in Terms Agreement is attached as Exhibit M.

23. The Original Promissory Note attached as Exhibit B and the Change in Terms Agreements attached as Exhibits C through M are collectively referred to as the "Loan Documents".

## Defendant's Default on the Loan Documents

24. When the Original Promissory Note matured on January 17, 2014, pursuant to the July 17, 2013 Change in Terms Agreement, the Defendants defaulted on their obligations by failing to pay all amounts due and owing to American Chartered Bank under the Loan Documents.

25. On the date of default, the principal amount outstanding on the Loan Documents

was $322,101.41.

### The Assignment of Loan Documents

26. Pursuant to an Assignment of Loans, Judgments, and Loan Documents dated, October 20, 2020, Fifth Third Bank, National Association, the successor by merger to American Chartered Bank assigned all rights, title and interest in the Loan Documents to SMS Financial Recovery Services, LLC. A redacted copy of the Assignment is attached hereto as Exhibit N.

27. Pursuant to the assignment from Fifth Third Bank, National Association, SMS Financial became the *bona fide* owner of the Loan Documents with all rights to enforce the Original Promissory, as modified by the subsequent Change in Terms Agreements against the Defendants Canzoneri, M. Buss and J. Buss, respectively.

### COUNT I
### Breach of Contract by Karen Canzoneri

1-27. Plaintiff incorporates by reference paragraphs 1 through 27 above as paragraphs 1 through 27 of this Count I.

28. By failing to pay the amounts owed when the Promissory Note matured on January 17, 2014, Canzoneri breached the Loan Documents.

29. Despite repeated demands, Canzoneri has failed and refused to perform her obligations under the Loan Documents.

30. As a result of Canzoneri's breach of the Loan Documents, Plaintiff SMS Financial Recovery Services, LLC has been damaged in the principal amount of $322,101.41, together with unpaid interest of $248,616.25 calculated at the Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up through November 5, 2021 and $82.76 per diem thereafter at the current Default Rate.

31. Pursuant to the terms of the Loan Documents, Canzoneri has agreed to pay all costs and expenses, including reasonable attorney fees. [Exhibit B, p. 3 Attorneys' Fees; Expenses]

32. The Plaintiff has performed all obligations required of it under the Loan Documents.

WHEREFORE, the Plaintiff, SMS Financial Recovery Services, LLC requests that judgment be entered in its favor and against the Defendant Karen Canzoneri and for the Court to award it the following relief:

a. Award the Plaintiff the principal sum of $322,101.41;

b. Award Plaintiff accrued interest of $248,616.25 calculated at the variable Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up through November 5, 2021 and $82.76 per diem thereafter at the variable Default Rate until judgment;

c. Award the Plaintiff its attorney's fees and court costs incurred in the enforcement of the Loan Documents; and

d. Award the Plaintiff such other and further relief that the Court deems just and proper under the circumstances.

## COUNT II
### Breach of Contract by Michael J. Buss

1-27. Plaintiff incorporates by reference paragraphs 1 through 27 above as paragraphs 1 through 27 of this Count II.

33. By failing to pay the amounts owed when the Promissory Note matured on January 17, 2014, M. Buss breached the Loan Documents.

34. Despite repeated demands M. Buss has failed and refused to perform his obligations under the Loan Documents.

35. As a result of M. Buss's breach of the Loan Documents, Plaintiff SMS Financial Recovery Services, LLC has been damaged in the principal amount of $322,101.41, together with unpaid interest of $248,616.25 calculated at the Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up through November 5, 2021 and $82.76 per diem thereafter at the current Default Rate.

36. Pursuant to the terms of the Loan documents, M. Buss has agreed to pay all costs and expenses, including reasonable attorney fees. [Exhibit B, p. 3 Attorneys' Fees; Expenses]

37. The Plaintiff has performed all obligations required of it under the Loan Documents.

WHEREFORE, the Plaintiff, SMS Financial Recovery Services, LLC requests that judgment be entered in its favor and against the Defendant Michael Buss and for the Court to award it the following relief:

a. Award the Plaintiff the principal sum of $322,101.41;

b. Award Plaintiff accrued interest of $248,616.25 calculated at the variable Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up through November 5, 2021 and $82.76 per diem thereafter at the variable Default Rate until judgment;

c. Award the Plaintiff its attorney's fees and court costs incurred in the enforcement of the Loan Documents; and

d. Award the Plaintiff such other and further relief that the Court deems just and proper under the circumstances.

## COUNT III
### Breach of Contract by Jami E. Buss

1-27. Plaintiff incorporates by reference paragraphs 1 through 27 above as paragraphs 1 through 27 of this Count III.

38. By failing to pay the amounts owed when the Promissory Note matured on January 17, 2014, J. Buss breached the Loan Documents.

39. Despite repeated demands J. Buss has failed and refused to perform her obligations under the Loan Documents.

40. As a result of J. Buss's breach of the Loan Documents, Plaintiff SMS Financial Recovery Services, LLC has been damaged in the principal amount of $322,101.41, together with unpaid interest of $248,616.25 calculated at the Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up through November 5, 2021 and $82.76 per diem thereafter at the current Default Rate.

41. Pursuant to the terms of the Loan documents, J. Buss has agreed to pay all costs and expenses, including reasonable attorney fees. [Exhibit B, p. 3 Attorneys' Fees; Expenses]

42. The Plaintiff has performed all obligations required of it under the Loan Documents.

WHEREFORE, the Plaintiff, SMS Financial Recovery Services, LLC requests that judgment be entered in its favor and against the Defendant Jami E. Buss and for the Court to award it the following relief:

a. Award the Plaintiff the principal sum of $322,101.41;

b. Award Plaintiff accrued interest of $248,616.25 calculated at the variable Default Interest Rate of Prime plus 6% from January 17, 2014, the date of Maturity up

        through November 2, 2021 and $82.76 per diem thereafter at the variable Default

        Rate until judgment;

c.     Award the Plaintiff its attorney's fees and court costs incurred in the enforcement

        of the Loan Documents; and

d.     Award the Plaintiff such other and further relief that the Court deems just and

        proper under the circumstances.

        SMS FINANCIAL RECOVERY SERVICES, LLC

By: /s/ *Marshall J. Burt*
      Its Attorney

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 W. Washington St., Ste 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com
IARDC #6198381